Warner, Chief Justice.
The plaintiff brought his action against the defendant on a promissory note made by his intestate, and claimed that he was entitled to a vendor’s lien on the land of the intestate to secure the payment of the note on the following statement of facts. On the 4th day of October, 1850, the defendant’s intestate executed to the plaintiff a lease for a city lot in the .city of Rome, for the term of fifteen years, the plaintiff to pay yearly the sum of $25 00 for the rent of the ground. At the end of the term, the defendant’s intestate, William R. Smith, was to have all the improvements which the plaintiff might put on the lot at a reasonable valuation, or the plaintiff was to have the refusal to buy the lot at a reasonable valuation. *The plaintiff built a brick law office on the lot and occupied the same. It is claimed by the plaintiff that in the month of October, 1857, the-date of the note, that he sold to the defendant’s intestate his interest in the house built by him on the lot, and that the note now sued on was given in part payment of the purchase money due therefor.
There is no evidence in the record of any such sale, or that the note was given in part payment thereof. But conceding these facts to have been proved, would the land of the intestate, on which the house was built in accordance with agreement of the parties in the lease, be bound, under the vendor’s lien, for the value of the house for which it is alleged the note was given? In our judgment, the plaintiff cannot enforce a vendor’s lien for the payment of the note against the land of the intestate, on the statement of facts disclosed in this record. The plaintiff never had any title to the land, but, on the contrary, recognized the title thereof to have been in the intestate by stipulating in the lease that he would pay $25 00 yearly for the rent of the ground on which the house was to be built. The agreement was that the plaintiff might build his house on the intestate’s land, occupy it until the expiration of the lease, by paying the yearly ground rent of $25 00, and then, instead of removing the house, he was to be paid a reasonable valuation for it, or the plaintiff should have the refusal to purchase the lot at a reasonable valuation. The plaintiff did not wait until the termination of the lease, but, as it is alleged, sold his interest in the house and his rights under the lease to the intestate, and took the note in question in part payment thereof. Did the plaintiff sell or convey any land to the defendant’s intestate which would entitle him to a vendor’s lien thereon for the unpaid purchase money due therefor? The *341 title to the land was already in the defendant’s intestate. The plaintiff sold the value of the improvements he had put on the land and his rights under the lease. In other words, he relinquished to the owner of the land all his rights under the lease,. . including the improvements made thereon, at a reasonable valuation, it is to be presumed, *or he would not . have done so. The sale of his rights, including the improvements on the lot under the agréement contained in the lease, to the defendant’s intestate in October, 1857, was not such a sale or conveyance of land as will give to the plaintiff a vendor’s lien on the land of the defendant’s intestate for the unpaid purchase money due therefor. ,
Ret the judgment of the Court below be reversed.